IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOHNNIE LEE HARDEN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:13-CV-113-BL |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | § § § § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Pursuant to 42 U.S.C. § 405(g), Johnnie Lee Harden (Harden) seeks judicial review of the Commissioner of Social Security's decision, which denied her application for a period of disability and disability insurance benefits under Title II of the Social Security Act. All parties consented to the jurisdiction of the U.S. Magistrate Judge and the United States District Judge ordered the case be reassigned to this court. After considering all the pleadings, briefs, and administrative record, this court affirms the Commissioner's decision and dismisses, with prejudice, Harden's complaint.

**Statement of the Case**

Harden protectively filed her application on May 31, 2010. Following a hearing on March 28, 2012, an Administrative Law Judge (ALJ) determined on May 22, 2012, that Harden was not disabled. Specifically, the ALJ held that Harden: did not engage in any substantial gainful activity from her alleged onset date of February 28, 2010; had several severe impairments including diabetes mellitus with neuropathy, adjustment disorder with mixed anxiety and depressed mood, obesity, asthma, and mild degenerative disc disease of the thoracic

spine; had no impairment or combination of impairments meeting or equaling the Appendix 1 listed impairments (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526); had the residual functional capacity (RFC) to perform semi-skilled with various exertional and nonexertional limitations; and was unable to perform any past relevant work. Further, the ALJ held that considering Harden's age, education, work experience, and RFC, there existed jobs in the national economy that Harden could perform. (Tr. 11-21).

The Appeals Council denied review on July 31, 2013. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review").

**Factual Background**

Prior to her alleged disability, Harden graduated high school, attended cosmetology school, and for a few years operated a beauty shop in Forsan, Texas. (Tr. 13, 34, 41). A combination of diabetes, old injuries, and multiple foot surgeries have left Harden with lingering foot problems. (Tr. 37–40). Both feet swell due to neuropathy and give her the sensation of constant needle pricks. (Tr. 37). Harden takes pain medication and sits to elevate her feet in order to combat her symptoms. (Tr. 38–41).

On August 24, 2010, Kelvin Samaratunga, M.D., completed a physical RFC assessment of Harden. Dr. Samaratunga opined that Harden could stand and walk for six hours per day, and sit for six hours per day. (Tr. 214). On December 22, 2010, John Durfor, M.D., completed another physical RFC assessment, indicating the exact same sit, stand, and walk limitations. (Tr. 255). Both Drs. Samaratunga and Durfor further opined that Harden's allegations of limitation were not supported by the objective medical record. (Tr. 218, 259).

Over the years Harden has undergone several foot procedures. (Tr. 19). At one point she had scar tissue removed from her right foot. (Tr. 37–38). She had a toe amputated from her left foot. (Tr. 38). Following what appears to be the final surgical procedure on the record, the surgeon, John Lockyer, M.D., completed medical release forms in July of 2011, then again one month later, indicating that Harden's disability was not permanent and was expected to last no more than six months. (Tr. 576, 577). Harden continued to receive medical treatment for her feet and other symptoms from, among others, nurse practitioner Nancy Merrett, FNP-C. (Tr. 262–77). On October 21, 2011, Ms. Merrett opined that Harden could sit for one hour per day, and stand and walk for one hour per day. (Tr. 281). On March 13, 2012, another nurse practitioner, Kim Sava, FNP-BC, completed a medical source statement opining that Harden could sit for about four hours per day, and stand and walk for less than two hours per day. (Tr. 579).

## **Standard of Review**

A person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)–(b) (2013).

To evaluate a disability claim, the Commissioner follows "a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work;

and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

This court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson*, 309 F.3d at 272; *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422, 28 L. Ed. 2d 842 (1971); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "'[c]onflicts in the evidence are for the Commissioner and not the courts to resolve.'" *Id.* (quoting *Newton*, 209 F.3d at 452.).

**Discussion**

Harden raises two issues. First, she claims the ALJ erred by not considering all of her foot problems. Second, Harden claims the ALJ erred by giving no weight to the opinions of two nurse practitioners.

**I.      Substantial Evidence Supports the ALJ's RFC Determination**

Harden argues that the ALJ failed to consider the entire medical record when he made no comment about her foot problems, specifically, the swelling of her feet. Harden therefore disputes the ALJ's RFC finding. (Pl.'s Br. 5–6).

RFC is what a claimant can still do despite her limitations. 20 C.F.R. §§ 404.1545, 416.945; *see* SSR 96-8p, 1996 WL 374184 (July 2, 1996). In determining RFC, the ALJ conducts a function-by-function assessment of a claimant's ability to do work-related activities, addressing both a claimant's exertional and nonexertional capacities. *See Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). The ALJ considers all of the relevant evidence in the case record, including the opinions of medical professionals and the claimant's own subjective opinions. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Myers*, 238 F.3d at 620–21.

Here, the ALJ embarked upon a function-by-function assessment of Harden's ability to do work-related activities, beginning with a discussion of how Harden's work-related activities were affected by her foot and leg pain. (Tr. 17–19). The ALJ noted for how long Harden could stand and do house work before pain and numbness made her sit down. Incorporating Harden's own opinions into his RFC determination, the ALJ noted how Harden at one point claimed that she could probably perform a sit-down job, and that she could not stand or walk for more than one-third of an eight hour day. The ALJ also examined Harden's nonexertional functions, noting, for example, that the record showed no formal mental health treatment. It is therefore apparent

that the ALJ conducted a detailed and complete RFC assessment, specifically incorporating Harden's feet into his discussion.

It should be noted, too, that though Harden claims the ALJ failed to consider her foot swelling specifically, the ALJ discussed the results of two physical exams of Harden's feet. (Tr. 14). One exam showed "one plus pedal edema." The other showed "no clubbing, cyanosis or edema." Edema in this context is the medical term for swelling.[1] The ALJ clearly considered Harden's foot problems, including swelling. Substantial evidence supports the ALJ's RFC determination.

## II.     The ALJ Properly Weighed Treating Source Opinions

Next, Harden alleges that the ALJ disregarded the opinions of two nurse practitioners. Harden claims the ALJ ignored the nurse practitioners because they were not M.D.s, and therefore not "acceptable medical sources" under 20 C.F.R. §§ 404.1513 and 416.913. (Pl.'s Br. 6–7). This is a mischaracterization of the ALJ's opinion.

Harden underwent foot surgery in June of 2011. In a report completed in October of 2011, nurse practitioner Nancy Merrett, FNP-C, indicated that Harden could not sit or stand for more than an hour without a break to move around, but further indicated that her findings were only applicable to the exam date and "may change as time goes on." (Tr. 278). Harden herself later testified that her sitting, standing, and walking abilities exceeded those indicated in Ms. Merrett's report. (*See* Tr. 36–49; 169–76). It was for this reason that the ALJ discounted Ms. Merrett's report. (Tr. 19).

In March of 2012, another nurse practitioner, Kim Sava, FNP-BC, completed a medical source statement, opining, as Ms. Merrett had, that Harden was fairly limited, especially

---

[1] STEDMAN'S MEDICAL DICTIONARY 566–67 (27th ed. 2000).

concerning her sitting, standing, and walking abilities. As the ALJ noted, however, Ms. Sava made clear that her treating relationship with Harden was not extensive. For example, Ms. Sava did not see Harden at all in 2011, the year Harden had several foot procedures done. (Tr. 19, 578). Most importantly, just as with Ms. Merrett, Harden's own testimony indicated that she could do more than Ms. Sava opined. (*See* Tr. 26-50; 169-76). It was again for this reason that the ALJ considered but gave no weight to the opinion of Ms. Sava. (Tr. 19).

Furthermore, even assuming, *arguendo*, that the ALJ dismissed Ms. Sava and Ms. Merrett's opinions because they were not "acceptable medical sources," he was authorized to do so. *See* 20 C.F.R. § 404.1513; *Newton*, 209 F.3d at 456 (An ALJ may give a treating source's opinion less or even no weight where "the treating physician's opinion is conclusory, unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence."); *see Cain v. Barnhart*, 193 F.App'x 357, 362 (5th Cir. 2006) (discounting the opinion of a registered nurse when it was not fully supported by the record); *Irvin v. Social Sec. Admin.*, No. 13-6600, 2014 U.S. App. LEXIS 14122, 2014 WL 3608506 (6th Cir. 2014) (rejecting the opinion of a treating nurse practitioner when it was supported neither by the medical record nor the claimant's own testimony of his activities of daily living).

As to substantial contrary medical evidence, Harden does not argue any lack thereof. The ALJ's findings are supported by the medical opinions of several treating and examining sources. *See, e.g.*, Tr. 552–77 (surgeon's report stating Harden's disability was expected to last no more than six months); 254–61 (physical RFC assessment aligning with ALJ's sit, stand, and walk RFC finding). The ALJ was justified in rejecting the opinions of the nurse practitioners that conflicted not only with other substantial evidence on the record, but also with Harden's own

testimony of her functional abilities. *Spellman v. Shalala*, 1 F.3d 357 (5th Cir. 1993) (affirming the rejection of a treating physician's opinion because it was inconsistent with other substantial evidence on record and the claimant's own testimony as to her abilities); *Newton*, 209 F.3d at 456; *Cain*, 193 F.App'x at 362; *Irvin*, 2014 U.S. App. LEXIS 14122, at *4, 2014 WL 3608506, at *2.

The ultimate inquiry for the court is whether substantial evidence supports the Commissioner's decision. *See Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994). In this case, substantial evidence supports the ALJ's determinations, so they must stand.

## Conclusion

For the foregoing reasons, the decision of the Commissioner is **AFFIRMED** and Wilson's complaint is **DISMISSED** with prejudice. Any appeal shall be to the Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 636(c)(3).

**SO ORDERED.**

Dated this 24th day of September, 2014.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**